**E-Filed 10/16/08**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JAMES ALAN BUSH

Plaintiff,

v.

DEVON KLEIN, SUNNYVALE DEPARTMENT OF PUBLIC SAFETY,

Defendants.

Case No. C 08- 3456 JF (RS)

---

JAMES ALAN BUSH.,

Plaintiffs,

v.

JAMES ANTON, BENJAMIN HOLT, SUNNYVALE DEPARTMENT OF PUBLIC SAFETY,

Defendants

Case No. C 08- 3459 JF (HRL)

**ORDER[1] GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Plaintiff James Alan Bush ("Bush"), proceeding *pro se,* brings the instant actions against

---

[1]This disposition is not designated for publication in the official reports.

Defendants Sunnyvale Department of Public Safety ("SDPS") and Officers Devon Klein ("Officer Klein"),[2] James Anton ("Officer Anton"), and Benjamin Holt ("Officer Holt"), asserting claims under 42 U.S.C. § 1983 for "deprivation of rights under color of law for invasion of privacy" pursuant to the Fourteenth Amendment of the United States Constitution and pursuant to Civil Code § 1798 *et seq* for violations of the California Information Practices Act. Bush originally filed the actions in the Santa Clara Superior Court on July 14, 2008, seeking damages and injunctive and declaratory relief. Defendants removed both actions to this Court on July 17, 2008. Defendants now seek dismissal of both actions for failure to state a claim upon which relief can be granted, or alternatively a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) or to dismiss or quash for defective service of process. The Court has considered the briefing submitted by the parties and has determined that the motions are appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).[3] For the reasons discussed below, the motions will be granted, with leave to amend.[4]

## I. BACKGROUND

### A. C 08- 3456 JF (RS): Action against SDPS and Officer Klein

The following facts are taken from the police report prepared by Officer Klein. On March 31, 2006, SDPS dispatched Officer Klein to Bush's residence after Bush reported a possible prowler attempting to force entry on his property. In his police report, Officer Klein

---

[2] N.D. Cal. Case No. 08-C-3456 JF (RS), which names SDSP and Klein as Defendants has been related to N.D. Cal. Case No. 08-C-3459 JF (HRL), which names SDSP, Anton, and Holt as Defendants.

[3] Bush has filed motions for remand noticed for the same hearing date. However, he did not reserve a hearing date for his motions as required by this Court's Standing Order. Accordingly, the motions are not properly before the Court at this time.

[4] When Court staff telephoned Bush to notify him that the hearing on the motions to dismiss had been vacated, Bush stated that he had not received notice and objected to issuance of an order under the circumstances. Because it appears on the face of the complaints that all of Bush's claims likely are barred by the doctrine of res judicata or fail to state a claim upon which the relief may be granted, the Court's disposition would not be altered by continuing the motions in order to give Bush an opportunity to respond. Accordingly, the Court's issuance of the instant order does not prejudice Bush.

reported that a thorough search of the area produced no results and that there were no signs of forced entry. Officer Klein notified Bush that there were no subjects located in the area. Officer Klein noted that Bush had excited, rambling speech, loosely constructed ideas, and avoided eye contact; he suspected that Bush was under the influence of a controlled substance. Bush stated that he had ingested methamphetamine earlier that day. Officer Klein proceeded to ask Bush standard field sobriety questions. According to the report, Bush "stated he was under the care of a doctor and ingests numerous medications to combat his HIV infection."

Bush alleges that this last statement was "inaccurate and irrelevant, and is otherwise an invasion of [his] legally protected privacy interest." Compl. ¶ 5. Bush claims that Officer Klein collected the information from "indirect sources," rather than directly from him. Compl. ¶ 6. Bush also asserts that SDPS orally disclosed Bush's private medical information to Bush's neighbors and others. Compl. ¶ 8. Bush alleges that the written statement in Officer Klein's report was defamatory, and violated his rights both under the Constitution and the California Information Practices Act.

**B. C 08-3459 JF (HRL): Action against SDPS and Officers Anton and Holt**

On May 18, 2006, Officers Anton and Holt went to Bush's residence to conduct a follow-up investigation to determine whether the subject of an arrest made earlier that day was associated with the residence as she had claimed. Compl. ¶ 5. In his police report, Officer Anton wrote that he knew that Bush had called the police to report intruders on several past occasions "as the result of paranoia," and then had been arrested for being under the influence of a controlled substance. Officer Anton also wrote that he personally had responded to Bush's residence several times for controlled substance- related events, one of which involved the recovery of a handgun.

Officer Anton's report further stated that he and Bush previously had discussed that Bush had a habit of inviting people he did not know well to live with him; this often put Bush in a position to call the police when his guests stole from him or otherwise made him uncomfortable. Officer Anton reported that Bush frequently admitted that he needed to stop doing this. Bush alleges that Officer Anton's report misrepresented his arrest history, falsely

imputed to him a mental disorder, and falsely stated that Bush was "addicted to the excessive use of drugs." Compl. ¶ 2, lines 1-3. Bush also claims that the report deprived him of over $250,000 in lost wages and other compensation from the Victim's Compensation Board by implying that he had "contributed to his victimization through his own negligent behavior." Compl. 2: 8-12. Bush alleges that the police report was libelous and defamatory, and accuses the defendants of violating the California Information Practices Act.

Over the past two years, Bush has filed eleven separate cases, alleging conspiracy, civil rights violations, employment discrimination, and other tort causes of action against various public entities, corporations and individual defendants**.** SDSP has been a defendant in three previous cases, all of which were dismissed on October 17, 2007 for lack of prosecution.[5]

## II. LEGAL STANDARD

A claim may be dismissed as a matter of law pursuant to Rule 12(b)(6) when there is "(1) a lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory" to state a claim of relief. *Robertson v. Dean Witter Reynolds, Co.,* 749 F.2d 530, 534 (9th Cir. 1984). Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1997); *see also Pareto v. FDIC* 139 F.3d 696,699 (9th Cir. 1998)**.** However, the court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory allegations in the form of factual allegations." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462 (C.D. Cal. 1996).

## III. DISCUSSION

### A. Res Judicata

The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine applies whenever there is "(1) an identity of

[5] *Bush v. Sunnyvale Police Dept., et al.* (5:07-CV-0834 JF) ("SPD Action"), *Bush v. Pinto et. al.* (5:07- CV-4241 JF) ("Pinto Action"), *Bush v. Cao et. al.* (5:07-CV-4460 JF) ("Cao Action").

claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* The prior judgment is conclusive "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992).

Bush has maintained three previous actions in this Court against SDPS, various police officers, and Sunnyvale city officials, all of which allege a conspiracy to commit civil and constitutional violations against him as noted above; this Court has dismissed each of these actions. Given that the claims in the instant action involve the same parties as the previously terminated actions (SDPS and Sunnyvale Police Officers) and allege similar civil and constitutional violations arising out of a series of encounters Bush had with SDPS in 2006, it appears likely that the doctrine of res judicata bars the instant actions. Although Bush alleges various theories of recovery, "[d]ifferent theories supporting the same claim for relief must be brought in the initial action." *Western Systems,* 958 F.2d at 871.

**B. Failure to State a Claim**

Even if the instant actions are not precluded by res judicata, as presently pled the instant complaint does not state a claim upon which the Court may grant relief. It appears that Bush's claims under 42 U.S.C. § 1983 are barred by the statute of limitations. Section 1983 claims are subject to the limitations period applicable to a state cause of action for personal injury, which is two years in California. *See Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir. 2004); Cal. Code Civ. Proc. § 335.1. The incidents giving rise to Bush's present claims occurred on March 31 and May 18, 2006, respectively. Bush filed the instant actions on July 14, 2008, more than two years later. Bush's state claims for personal injury also appear to be barred by California's two-year statute of limitations. Bush does not allege any facts that would support a conclusion that the statute of limitations was tolled.

Even if Bush were to succeed in demonstrating that his § 1983 claims are not barred by the statute of limitations, he also fails to allege facts to support a § 1983 claim based on invasion of privacy. In deciding whether an intrusion into an individual's privacy is justified, courts consider the type of information requested, the potential harm from any subsequent non-

consensual disclosure, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate or public policy interest militating toward access. *See, e.g. In re Crawford,* 194 F.3d 954, 959 (9th Cir. 1999). Bush alleges that SDPS should not have included references to his arrest history or drug usage in the office's reports. However it is unclear how the information in the police reports violated Bush's right to informational privacy. Police reports are not public records under California law. *See* Cal. Gov. Code § 6254(f). Obtaining private information and including it in a police report is justified by a legitimate law enforcement purpose. *See Roe v. Sherry,* 91 F.2d 1270, 1274 (9th Cir. 1996). Bush's claim for invasion of privacy under the California Constitution appears to be insufficient for the same reasons.[6]

Finally, the California Information Practice Act only applies to state agencies. Cal. Civ. Code § 1798 *et seq.* Local agencies such as cities, as well as their officers, are exempt from prosecution. Cal. Civ. Code § 1798.3(b)(4). Bush cannot state a claim under this statute.

**IV. ORDER**

The motions to dismiss are GRANTED, with leave to amend. Any amended complaints must be filed within thirty (30) days of the date of this order.

DATED: October 16, 2008

JEREMY FOGEL
United States District Judge

---

[6]The elements of a cause of action for invasion of privacy under the California Constitution, Article I, Section1 are "(1) a legally protected privacy interest;" (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. National Collegiate Athletic Assn.,* 7 Cal. 4th 1, 39-40 (1994). Bush fails to allege that he had a reasonable expectation of privacy in the information he disclosed to SDPS and fails to allege facts showing that a serious violation of his privacy occurred.

This order has been served upon the following persons:

Rebecca L. Moon: rmoon@ci.sunnyvale.ca.us

James Alan Bush
1211 East Santa Clara Avenue, #4
San Jose, CA 95116